IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT CHRISTOPHER JIMENEZ,

    Plaintiff,                    No. 2:10-cv-2943 KJN P

    vs.

J. WHITFIELD, et al.,               ORDER AND REVISED

    Defendants.             SCHEDULING ORDER

_____/

        On September 7, 2011, defendants filed a motion to modify the court's scheduling order. Defendants seek an extension of time to depose plaintiff and prepare and file a motion for summary judgment because defendants' motion for judgment on the pleadings is pending and resolution of the motion may resolve some or all of plaintiff's claims.

        "The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson., 975 F.2d at 607).

On June 24, 2011, the court set a discovery deadline for October 14, 2011, and a pretrial motions deadline for January 6, 2012. However, on August 25, 2011, defendants filed a motion for judgment on the pleadings. Plaintiff's opposition is not yet due, but plaintiff has filed a request for appointment of counsel.

Good cause appearing, defendants' motion to modify the scheduling order is granted. The June 24, 2011 scheduling order is vacated. The court will issue a new scheduling order, if appropriate, following resolution of the defendants' motion for judgment on the pleadings.

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Therefore, plaintiff's motion for the appointment of counsel is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' September 7, 2011 motion to modify the scheduling order (dkt. no. 40) is granted;

2. The June 24, 2011 scheduling order (dkt. no. 33) is vacated; and

3. Plaintiff's September 1, 2011 motion for appointment of counsel (dkt. no. 39) is denied.

DATED: September 12, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

jime2943.vac