IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT C. JIMENEZ,

      Plaintiff,                    No. 2:10-cv-2943 KJM KJN P

    vs.

J. WHITFIELD,

      Defendant.                 <u>ORDER</u>

_____/

        Plaintiff is a prison inmate proceeding without counsel with a civil rights action. Pursuant to the district court's March 20, 2012 order, this action is proceeding solely on plaintiff's claim that defendant Whitfield failed to provide plaintiff an opportunity to air his views in October of 2006. (Dkt. Nos. 51, 49 at 13.)

        On April 27, 2012, plaintiff filed his third request for the appointment of counsel. Plaintiff's previous requests were filed on March 22, 2010, and September 1, 2011. All requests were denied.

        District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. <u>See</u> 28 U.S.C. § 1915(e)(1); <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991);

1

Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has not met the burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's April 27, 2012 request (Docket No. 56) is denied without prejudice.

DATED:  May 30, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

jime2943.31.thr