IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT CHRISTOPHER JIMENEZ,

        Plaintiff,                      No. 2:10-cv-2943 KJM KJN P

    vs.

J. WHITFIELD,

        Defendant.                ORDER

                                   /

          Plaintiff is a state prisoner proceeding without counsel.  On June 22, 2012, plaintiff filed a document entitled: "Plaintiff's Request to Enter:  Motion to Strike Defendant's Declaration of Barnts and Declaration of S.W. Brown, and Defendant's Statement of Undisputed Facts."  (Dkt. No. 63 at 1.)  While not entirely clear, it appears plaintiff is under the misapprehension that because defendants failed to file a reply to plaintiff's objections to the findings and recommendations denying defendant Whitfield's motion to dismiss, that defendant "waived" his right to "appeal," and plaintiff is entitled to the relief sought in bringing this action. Plaintiff is mistaken.  The denial of the motion to dismiss required defendant Whitfield to file a responsive pleading, which he did on April 13, 2012.  (Dkt. No. 52.)  The case now proceeds as set forth in this court's scheduling order.  (Dkt. No. 55.)  Under the scheduling order, dispositive motions, including motions for summary judgment, were to be filed by October 12, 2012.  (Dkt.

1

No. 55.) Defendant Whitfield properly filed his motion for summary judgment on June 11, 2012. (Dkt. No. 60.) Plaintiff is now required to file an opposition to defendant's motion for summary judgment. Fed. R. Civ. P. 56; see also January 12, 2011 Order at 4-5; L.R. 230(l).

For all of the above reasons, plaintiff's June 22, 2012 request is denied.

In addition, on June 22, 2012, plaintiff filed a motion to appeal the district court's order denying plaintiff the appointment of counsel. (Dkt. No. 65.)

"When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply." Nascimento v. Dummer, 508 F.3d 905, 908 (9th Cir. 2007). In this instance, plaintiff's motion for the appointment of counsel is not immediately appealable. Wilborn v. Escalderon, 789 F.2d 1328, 1330 (9th Cir. 1986).

Because the motion for appointment of counsel is not immediately appealable, plaintiff's motion to appeal is denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 22, 2012 motion to strike (dkt. no. 63) is denied without prejudice; and

2. Plaintiff's June 22, 2012 motion to appeal (dkt. no. 65) is denied without prejudice.

DATED: July 2, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

jime2943.mts