1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT CHRISTOPHER JIMENEZ,

11          Plaintiff,                    No. 2:10-cv-2943 KJN P

12      vs.

13   J. WHITFIELD,

14          Defendant.              <u>ORDER</u>

15   _____/

16          On June 11, 2012, defendant Whitfield filed a motion for summary judgment.

17   The motion did not include the notice required by <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir.

18   1998) (en banc), and <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988).  Plaintiff did not

19   timely file an opposition to the motion.

20          However, on July 6, 2012, the Ninth Circuit issued an order requiring that all

21   prisoners proceeding pro se must be provided contemporaneous notice of certain requirements

22   for opposing a motion for summary judgment.  <u>Woods v. Carey</u>, 2012 WL 2626912,*1 (9th Cir.

23   July 06, 2012 ), citing <u>Rand</u> and <u>Klingele</u>.  The district court may provide such notice if

24   defendants fail to do so.  <u>Woods</u>, 2012 WL 2626912 at *5.  When provided by defendant, the

25   notification must be set forth in "a separate document, served with the moving papers, and state[]

26   that the court has required that it be given."  <u>Rand</u>, 154 F.3d at 960; <u>Woods</u>, 2012 WL 2626912

1

1  at *4.  These requirements apply to both "pending and future cases."  Woods at *6.  Accordingly,

2  the court will provide plaintiff with the notice required under Woods, and will grant plaintiff an

3  extension of time to file an opposition.

4          However, plaintiff failed to timely file any opposition to the June 11, 2012

5  motion.  Pursuant to Local Rule 230(l), oppositions are due twenty-one days after the filing of the

6  motion.  Local Rule 230(l) provides in part:  "Failure of the responding party to file written

7  opposition or to file a statement of no opposition may be deemed a waiver of any opposition to

8  the granting of the motion . . . ."  On January 12, 2011, plaintiff was advised of the requirements

9  for filing an opposition to a motion and that failure to oppose such a motion may be deemed a

10  waiver of opposition to the motion.  See Rand, 154 F.3d at 957, and Klingele, 849 F.2d at 411-

11  12.

12          Local Rule 110 provides that failure to comply with the Local Rules "may be

13  grounds for imposition of any and all sanctions authorized by statute or Rule or within the

14  inherent power of the Court."  In the order filed January 12, 2011, plaintiff was also advised that

15  failure to comply with the Local Rules may result in a recommendation that the action be

16  dismissed.

17          Finally, Rule 41(b) of the Federal Rules of Civil Procedure provides:

18          **Involuntary Dismissal; Effect**.  If the plaintiff fails to prosecute
             or to comply with these rules or a court order, a defendant may
19          move to dismiss the action or any claim against it.  Unless the
             dismissal order states otherwise, a dismissal under this subdivision
20          (b) and any dismissal not under this rule--except one for lack of
             jurisdiction, improper venue, or failure to join a party under Rule
21          19--operates as an adjudication on the merits.

22  Id.

23          IT IS HEREBY ORDERED that:

24          1.  Plaintiff is hereby informed of the following requirements for opposing a

25  motion for summary judgment:

26  ////

2

Rand Notice[1]

1

Plaintiff is informed that the following requirements apply for
opposing a motion for summary judgment pursuant to Fed. R. Civ.
P. 56. Such a motion is a request for an order for judgment in
favor of the defendant without trial. A defendant's motion for
summary judgment will set forth the facts that the defendant
contends are not reasonably subject to dispute and that entitle the
defendant to judgment.

To oppose a motion for summary judgment, plaintiff must show
proof of his or her claims. Plaintiff may do this in one or more of
the following ways. Plaintiff may rely on plaintiff's statements
made under penalty of perjury in the complaint if the complaint
shows that plaintiff has personal knowledge of the matters stated
and plaintiff specifies those parts of the complaint on which
plaintiff relies. Unsigned affidavits or declarations will be
stricken, and affidavits or declarations not signed under penalty of
perjury have no evidentiary value. Plaintiff may serve and file one
or more affidavits or declarations setting forth the facts that
plaintiff believes prove plaintiff's claims; the person who signs an
affidavit or declaration must have personal knowledge of the facts
stated. Plaintiff may rely on written records, but plaintiff must
prove that the records are what plaintiff asserts they are. Plaintiff
may rely on all or any part of the transcript of one or more
depositions, answers to interrogatories, or admissions obtained in
this proceeding.

If plaintiff fails to contradict the defendant's evidence with
counteraffidavits or other admissible evidence, the court may
accept defendant's evidence as true and grant the motion. If there
is some good reason why such facts are not available to plaintiff
when required to oppose a motion for summary judgment, the
court will consider a request to postpone consideration of the
defendant's motion. See Fed. R. Civ. P. 56(d).

If plaintiff does not serve and file a written opposition to the
motion, or a request to postpone consideration of the motion, the
court may consider the failure to act as a waiver of opposition to
the defendant's motion. See L.R. 230(l).

If the court grants the motion for summary judgment, whether
opposed or unopposed, judgment will be entered for the defendant
without a trial and the case will be closed as to that defendant. In
the present case, summary judgment for defendant would end the
entire case.

---

[1] This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely
and adequate notice of what is required" to oppose a motion for summary judgment. See Woods
2012 WL 2626912 at *1; Rand, 154 F.3d at 957, and Klingele, 849 F.2d at 409.

3

1          2.  Within thirty days from the date of this order, plaintiff shall file an opposition,

2    if any, to the motion for summary judgment.  Failure to file an opposition will be deemed as

3    consent to have the:  (a) pending motion granted; (b) action dismissed for lack of prosecution;

4    and (c) action dismissed based on plaintiff's failure to comply with these rules and a court order.

5    Said failure shall result in a recommendation that this action be dismissed pursuant to Federal

6    Rule of Civil Procedure 41(b).  Defendants' reply, if any, shall be filed within seven days

7    thereafter.

8    DATED:  July 23, 2012

9

10   _____

     KENDALL J. NEWMAN

11   UNITED STATES MAGISTRATE JUDGE

12   jime2943.ntc

13

14

15

16

17

18

19

20

21

22

23

24

25

26