UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JIMENEZ,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>J. WHITFIELD, et al.,<br><br>　　　　　Defendants. | No.  2:10-cv-2943 KJM KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding with a civil rights action pursuant to 42 U.S.C. § 1983.  On October 31, 2014, appeal of the judgment herein was dismissed without prejudice, pursuant to a stipulation of the parties.  On November 12, 2014, the judgment was vacated, and prior dispositive orders were vacated and modified, and plaintiff was granted leave to file a second amended complaint, within forty-five days, for the purpose of pleading additional facts to support his claim that defendants violated his Eighth Amendment rights.

On December 1, 2014, counsel for plaintiff, appointed solely for purposes of the appeal, filed an unopposed motion for withdrawal of counsel.  The parties settled the appeal, and the appeal was dismissed without prejudice to plaintiff proceeding in this court.  (ECF No. 92 at 2.)  Counsel filed a notice of limited appearance herein in order to present the joint motion to vacate judgments and modify dispositive orders, giving effect to the settlement of the appeal.

////

Having reviewed the motion for withdrawal of counsel, and the supporting declaration and its exhibits, the motion for withdrawal of counsel is granted.

On November 24, 2014, plaintiff filed a motion for appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

In plaintiff's request, plaintiff claims he is a layman in law, that his incarceration will greatly limit his ability to litigate this action, which he alleges includes complex issues requiring significant research and investigation. (ECF No. 91 at 1.) However, as set forth above, plaintiff's incarceration is insufficient to warrant the appointment of counsel at this time. Plaintiff has failed to demonstrate exceptional circumstances exist. Moreover, while two of plaintiff's claims have survived pursuant to stipulation of counsel on appeal, it is unclear whether there is a likelihood of success on the merits because at the present time, no operative pleading is on file.

In addition, plaintiff's appellate counsel clarified the issues such that it appears that little, if any, additional legal research is required in order for plaintiff to file a second amended complaint. At this time, plaintiff is only required to amend his pleading to set forth additional factual allegations that support his claim that named defendants were deliberately indifferent to plaintiff's serious medical needs by continuing to house him in the segregated housing unit ("SHU"). Accordingly, plaintiff's motion for appointment of counsel is denied without prejudice.

In the instant action, it is undisputed that there is a material dispute of fact as to plaintiff's claim that defendant Whitfield denied plaintiff an opportunity to be heard regarding purported evidence used to classify him as a gang member; thus, plaintiff is entitled to a jury trial on such claim. Therefore, plaintiff should repeat this claim in his second amended complaint. Plaintiff's claim that his due process rights were violated by defendant Whitfield when plaintiff was validated as a gang member in the absence of sufficient evidence survived a motion for judgment on the pleadings. Thus, such due process claim should be repeated in his second amended complaint.

Finally, plaintiff was granted leave to file a second amended complaint for the purpose of pleading additional facts to support his claim that named defendants violated his Eighth Amendment rights. In the prior joint motion to vacate judgments, counsel stated that plaintiff "is in a position to allege more detail regarding the conditions of his solitary confinement, the alleged indifference of the named defendants, and the lack of treatment related to plaintiff's medical condition, which includes Hepatitis C." (ECF No. 88 at 5.) Moreover, in appellate counsel's opening brief on appeal, counsel identified plaintiff's allegations supporting the Eighth Amendment claims, and further set forth how plaintiff could state additional facts and law to support such claims. (ECF No. 88-1 at 57-63.) While it is likely that appellate counsel provided plaintiff with a copy of the opening appellate brief, the undersigned will direct the Clerk of the Court to provide plaintiff with copies of the pertinent pages to assist him in filing a second amended complaint addressing such claims. Plaintiff is cautioned, however, that he must specifically link each named defendant to the factual allegation supporting such Eighth Amendment violation.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

1  Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983

2  liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no

3  affirmative link between the incidents of police misconduct and the adoption of any plan or policy

4  demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another

5  to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an

6  affirmative act, participates in another's affirmative acts or omits to perform an act which he is

7  legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy,

8  588 F.2d 740, 743 (9th Cir. 1978).

9  Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

10  their employees under a theory of respondeat superior and, therefore, when a named defendant

11  holds a supervisorial position, the causal link between him and the claimed constitutional

12  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)

13  (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d

14  438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.

15  denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of

16  official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673

17  F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal

18  participation is insufficient).

19  Finally, as plaintiff was informed in the January 25, 2012 findings and recommendations:

> The Eighth Amendment proscribes conditions of confinement constituting cruel and unusual punishment. The Eighth Amendment's prohibition against cruel and unusual punishment imposes duties on prison officials to "provide humane conditions of confinement." Farmer v. Brennan, 511 U.S. 825, 832 (1994). To establish a violation of the Eighth Amendment, a prisoner must show that he was, objectively, deprived of something "sufficiently serious." Id. at 834. A deprivation is sufficiently serious when the prison official's act or omission results "in the denial of 'the minimal civilized measure of life's necessities.'" Id., quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Next, the prisoner must show that the deprivation occurred as a result of deliberate indifference to the inmate's health or safety; this determination is premised on an assessment of the prison official's subjective state of mind. Id., citing Wilson v. Seiter, 501 U.S. 294, 302-03 (1991).

28  (ECF No. 49 at 6.)

4

In light of these orders, plaintiff will be granted an extension of time in which to file a second amended complaint that complies with this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Appellate counsel's motion to withdraw as attorney for plaintiff (ECF No. 92) is granted, and the Clerk of Court shall terminate counsel from the docket;

2. Plaintiff is substituted in as proceeding pro se;

3. Plaintiff's motion for appointment of counsel (ECF No. 91) is denied without prejudice;

4. Plaintiff is granted forty-five days from the date of this order in which to file a second amended complaint that complies with this order; and

5. The Clerk of the Court is directed to send plaintiff the following documents:

    a. The form for filing a civil rights complaint pursuant to 42 U.S.C. § 1983;

    b. A copy of plaintiff's March 22, 2010 amended complaint (ECF No. 9 at 1-8); and

    c. A copy of the pages from appellate counsel's opening brief pertinent to plaintiff's Eighth Amendment claims (ECF No. 88-1 at 57-63).

Dated:  December 16, 2014

/jime2943.eot+

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE