UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CHRISTOPHER JIMENEZ, | No. 2:10-cv2943 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| J. WHITFIELD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On December 22, 2014, pursuant to the court's November 12, 2014 order, plaintiff filed a second amended complaint. On December 30, 2014, defendants were granted an extension of time in which to file their responsive pleading. However, on December 29, 2014, plaintiff filed a third amended complaint. On January 6, 2015, defendants filed a request that the court screen plaintiff's second amended complaint, and extend their time to respond.

Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that:

> A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

1

1  Id. An amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57
2  (9th Cir. 1967). Once an amended pleading is filed, the original pleading no longer serves any
3  function in the case. Id.; see also L.R. 220 (every pleading to which an amendment is permitted
4  as a matter of right shall be retyped and filed so that it is complete in itself without reference to
5  the prior pleading.). Although the allegations of this pro se complaint are held to "less stringent
6  standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972)
7  (per curiam), plaintiff is required to comply with the Federal Rules of Civil Procedure and the
8  Local Rules of the Eastern District of California.

9       First, because plaintiff was previously provided leave to amend, and had filed his second
10 amended complaint, plaintiff was required to file a motion to amend and submit a proposed third
11 amended complaint.

12      Second, in the statement of claim section of plaintiff's third amended complaint, plaintiff
13 states: "All this info is in second amended complaint." (ECF No. 98 at 3.) As set forth above,
14 plaintiff's amended complaint must be complete in and of itself. It appears that plaintiff may
15 have intended his proposed third amended complaint to be accompanied by his earlier-filed
16 second amended complaint. However, plaintiff must submit one complaint that contains all of
17 plaintiff's allegations and claims for damages.

18      Third, plaintiff's second amended complaint does not contain a separate section alleging
19 his Eighth Amendment claims against defendants. (ECF No. 95 at 14-15.) Rather, plaintiff
20 inserted his allegations that would support such claims under the heading "compensatory." (ECF
21 No. 95 at 14-15.) In addition, plaintiff failed to link or connect each named defendant to the
22 alleged Eighth Amendment violation. Just as plaintiff set forth specific allegations as to each
23 defendant in connection with his gang validation claims, plaintiff must do the same in connection
24 with his alleged Eighth Amendment violations. As noted in the prior order, appellate counsel
25 identified the basic elements underlying such claims, and plaintiff may incorporate or use
26 counsel's filing in connection with the Eighth Amendment claims. (ECF No. 88-1 at 57-63.)

27      Fourth, if it was plaintiff's intention to use the third amended complaint and append the
28 second amended complaint, plaintiff is allowed to re-submit the filing in this fashion, without re-

2

writing either, except that plaintiff should insert his new Eighth Amendment section prior to the compensatory section on page 14 of the second amended complaint, and re-title the filing as plaintiff's fourth amended complaint. However, because all pleadings require original signatures, plaintiff must sign and re-date his filing to reflect the current amendment. The Clerk of the Court will be directed to send plaintiff copies of the complaints without the CM/ECF banner to facilitate the filing of a fourth amended complaint that is complete as to all claims and that complies with this order.

Fifth, plaintiff is not required to re-submit his exhibits. The exhibits appended to plaintiff's second amended complaint will remain in the court record and either party may refer to such exhibits. (ECF No. 95 at 20-44.)

Finally, in light of the above, defendants' request is granted. Defendants are relieved of their obligation to respond pending further order of court.

IT IS HEREBY ORDERED that:

1. Plaintiff's second and third amended complaints are dismissed with leave to amend;

2. Plaintiff is granted thirty days from the date of service of this order to file a fourth amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the fourth amended complaint must bear the docket number assigned this case and must be labeled "Fourth Amended Complaint"; plaintiff must file an original and two copies of the fourth amended complaint;

Failure to file a fourth amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. Defendants' request (ECF No. 99) is granted;

4. Defendants are relieved of their obligation to respond pending further order of court; and

////
////
////
////

1	5. The Clerk of the Court is directed to send plaintiff the following portion of his second
2 amended complaint: ECF No. 95 at 1-19, and a copy of plaintiff's third amended complaint, ECF
3 No. 98, both printed without the CM/ECF banner.
4 Dated: January 8, 2015

6 jime2943.mta

	KENDALL J. NEWMAN
	UNITED STATES MAGISTRATE JUDGE