UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. JIMENEZ, | No. 2:10-cv-2943 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| J. WHITFIELD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Plaintiff filed two requests: a request to add evidence, and a request that the court appoint counsel.

In his request to add evidence, plaintiff asks the court to consider exhibits appended to his request. However, at present, plaintiff is not required to present evidence in support of the merits of his underlying claims. Therefore, plaintiff's request is denied as premature.

In light of the findings and recommendations issued herewith, the court finds it inappropriate to appoint counsel at this time. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When

1

determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to add evidence (ECF No. 113) is denied without prejudice; and

2. Plaintiff's motion for the appointment of counsel (ECF No. 114) is denied without prejudice.

Dated:  January 12, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

jime2943.31

2