UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CHRISTOPHER JIMENEZ, | No. 2:10-cv-2943 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| J. WHITFIELD, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. On April 25, 2017, the undersigned issued a further discovery and scheduling order in light of defendant's objection that plaintiff's deposition had not yet been taken.

On June 9, 2017, plaintiff renewed his motion for appointment of counsel. Plaintiff contends that as a validated gang member he is prohibited from being in contact with other inmates, and therefore cannot gather "info needed." (ECF No. 126 at 1.) Plaintiff "wishes to request an outside doctor," noting California State Prison at Solano has delayed refilling his medication, changed his Hepatitis C diet without a doctor's consent, and denied Lamisil. (Id.) Plaintiff claims that to properly declare all of his medical difficulties, he needs an outside doctor to check and provide an "unbiased report of [his] liver damage and fungus." (Id.) Also, plaintiff states that he requests a trial, not discovery, as discovery was done prior to the motion for summary judgment. (Id.) Plaintiff requests counsel "to aid in investigation to deny discovery

1

again and move for pretrial conference." (ECF No. 126 at 2.)

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

In the instant case, dispositive motions have been resolved, and several defendants and claims have been dismissed. The sole claim remaining is whether on October 17, 2006, defendant Whitfield provided plaintiff with an opportunity to be heard regarding the evidence used to classify plaintiff as a gang member, as discussed in the January 25, 2012 findings and recommendations:

> b. Opportunity to Air Views
>
> The documentary evidence provided by plaintiff also states that plaintiff was given the opportunity to air his views. The CDCR-128B form completed by defendant Whitfield states:
>
>> On October 17, 2006, at approximately 1200 hours I arrived at Administrative Segregations Unit 9, cell 116 and informed [plaintiff] he needed to exit his cell to discuss his validation package. [Plaintiff] refused to exit his cell stating "I refuse to come out." I again informed [plaintiff] he needed to exit his cell to discuss his validation package. [Plaintiff] again stated "I refuse to come out."
>
> (Dkt. No. 48 at 4.) Defendants argue that the 128B form completed by defendant Whitfield trumps plaintiff's claim that he was not in the cell, and ask the court to grant judgment on the pleadings on this claim. [Footnote 7 omitted.]

> However, plaintiff provides a copy of a Rules Violation Report ("RVR") from October 17, 2006, which confirms that plaintiff was in a rules violation hearing at 10:33 a.m. (Dkt. No. 48 at 5.) Although the RVR does not reflect the time the hearing was adjourned, the record is insufficiently developed to allow the court to determine the length of the hearing, and whether plaintiff could have returned to his cell by "approximately 1200 hours" on the date in question. Plaintiff argues that he was double-celled, suggesting defendant Whitfield might have talked to plaintiff's cellmate. Plaintiff also argues that the September 23, 2006 128B form signed by defendant Whitfield, and used to re-validate plaintiff as a gang member, also states that plaintiff refused to come out to talk to Whitfield. (Dkt. No. 9 at 2.) Plaintiff appears to argue that the fact that both 128B forms state plaintiff refused to come out and talk to plaintiff suggests defendant Whitfield abused or misused his authority and violated plaintiff's rights. However, the forms could be viewed another way; it could simply mean plaintiff refused to exit his cell on two separate occasions.
>
> Plaintiff's contention that he was not in his cell on October 17, 2006, when defendant Whitfield presented around noon is reasonably supported by the documentary evidence showing plaintiff was in a hearing at 10:33 that morning, raising a genuine issue of material fact. Thus, the court recommends that defendants' motion for judgment on the pleadings on this claim be denied. However, this denial is without prejudice to a motion for summary judgment should defendant Whitfield be able to provide evidence contradicting plaintiff's allegation.[FN8] Inasmuch as this claim is pled only as to defendant Whitfield (dkt. no. 9 at 2-3), this claim survives as to defendant Whitfield only.
>
>> [FN 8: For example, defendants may have access to evidence that might show plaintiff was in his cell on October 17, 2006 at noon. Usually logs are maintained in the SHU that document the movement of inmates. In addition, there may be evidence confirming how long the RVR hearing on October 17, 2006 lasted, or one of the attendees at the hearing may be able to confirm the length of that hearing, or the time plaintiff was escorted back to his cell.]

(ECF No. 49 at 12-14, adopted in full by March 20, 2012 order (ECF No. 51).) Defendant Whitfield's subsequent motion for summary judgment was denied following the parties' joint motion on appeal. (ECF No. 90.)

Because plaintiff seeks the appointment of an outside doctor, it appears that plaintiff believes his Eighth Amendment medical claims remain pending. They are not. As noted in the January 13, 2017 findings and recommendations, plaintiff's Eighth Amendment claims concerning treatment for his Hepatitis C are barred by the doctrine of res judicata. (ECF No. 119

at 6; adopted by March 21, 2017 order (ECF No. 121).) Because the instant action proceeds solely on plaintiff's due process claim discussed above, no medical testimony or expert is required.

Despite his inability to contact other inmates, plaintiff fails to identify a specific inmate from whom he needs information, and what information plaintiff needs. Indeed, plaintiff concedes that discovery is done and the case should proceed to pretrial or settlement conference.[1] Absent specific information not provided by plaintiff, it appears that this case will turn on whether the jury believes plaintiff or whether the jury believes defendant. Because such question turns on the issue of credibility, the undersigned is unable to determine the merits of the remaining claim.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 126) is denied without prejudice.

Dated: July 13, 2017

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bh/cw/jime2943.31(1)

---

[1] The court appreciates plaintiff's eagerness to get this case to trial, given the case was filed on November 17, 2009. However, defendants are allowed to take plaintiff's deposition. Fed. R. Civ. P. 30.

4