UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. JIMENEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>J. WHITFIELD,<br><br>        Defendant. | No. 2:10-cv-2943 KJM KJN P<br><br><br><br>TRIAL CONFIRMATION ORDER<br><br>Jury Trial: July 9, 2018<br><br>9:00 a.m.   Courtroom 3 |

A trial confirmation hearing was held on May 24, 2018. Plaintiff appeared by videoconference, and was represented by his attorney, Matthew N. Becker, who appeared in person. Defendant was represented by David A. Carrasco, Deputy Attorney General. The following orders supplement or modify the February 22, 2018 pretrial order.

UNDISPUTED AND DISPUTED FACTS

The parties have no objections to the undisputed and disputed facts set forth in the pretrial order. The parties are ORDERED to meet and confer as to how best to present undisputed facts to the jury and submit a joint statement on the outcome of their discussions no later than July 2, 2018.

/////

/////

/////

1

PLAINTIFF'S REQUEST FOR WITNESSES BY SUBPOENA

In the pretrial order, plaintiff was cautioned that he may subpoena witnesses only if they have testimony relevant to plaintiff's remaining claim.[1]  ECF No. 131 at 6.  Plaintiff previously requested to call the following witnesses by subpoena:

1. Lt. M. Melgoza
2. Sgt. N. Hefley

*Id.* at 5-6.  Following the trial confirmation hearing, plaintiff noted he also intends to call the following witnesses by subpoena:

3. P. Hernandez
4. Richard Molena

ECF No. 138.  Plaintiff moved for waiver of service and witness fees for all subpoenaed witnesses, *id.*, and the court denied the motion without prejudice, ECF No. 146.

EXHIBITS

In the pretrial order, issued before counsel was appointed, plaintiff identified no exhibits.  At the trial confirmation hearing, plaintiff's counsel identified documents he wishes to include as exhibits.  The parties are ORDERED to meet and confer regarding plaintiff's exhibits.  If the parties are unable to stipulate to the identification of plaintiff's supplemental exhibits, plaintiff shall file a motion identifying his supplemental exhibits no later than July 2, 2018.  The identification of exhibits does not preclude objections to their admission.

Defendant identified abstracts of judgment for plaintiff's felony convictions as exhibits.  As noted at the trial confirmation hearing, the court is inclined to allow the fact of plaintiff's felony conviction.  But, absent a showing that such information is material to the issues in dispute, the court is not inclined to admit abstracts of judgment or the nature of a conviction.

---

[1] Specifically, plaintiff was reminded that the policies and procedures regarding gang validation are not at issue; rather, the remaining issues are whether defendant provided plaintiff with the appropriate documents, and whether defendant provided plaintiff with an opportunity to air his views on October 17, 2006.  ECF No. 131 at 6.  The court noted it is unclear how Melgoza's testimony concerning plaintiff's actions on June 7, 2007, are relevant to whether plaintiff was in his cell on October 17, 2006, and whether plaintiff refused to exit the cell, as argued by defendant Whitfield, and that plaintiff failed to address the date of the interview that Sgt. Hefley allegedly witnessed or held.  ECF No. 131 at 6.

## DISCOVERY DOCUMENTS

Defendant shall provide a sealed copy of plaintiff's deposition transcript the morning of the first day of trial.

## SEPARATE TRIAL OF ISSUES

Defendant requests that the issue of punitive damages be bifurcated. The court finds no reason to bifurcate the issue of punitive damages because the court can avoid prejudice and achieve efficiency with one trial. Defendant may renew his request in a motion in limine.

## ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for Monday, July 9, 2018, at 9:00 a.m., in Courtroom 3 before the Honorable Kimberly J. Mueller. The court will seat seven jurors. Trial is estimated to take two to three days.

IT IS SO ORDERED.

DATED: June 18, 2018.

_____
UNITED STATES DISTRICT JUDGE